**BROWN v. MTA SCHOOLS, INC.**

[94 N.C. App. 218 (1989)]

ALLEN BROWN, TRADING AS A. BROWN AND PARTNERS, PLAINTIFF v. MTA
SCHOOLS, INC., DEFENDANT

No. 8818DC1225

(Filed 6 June 1989)

**Contracts § 29— breach of contract—evidence of damages—sufficient**

>        In an action for breach of contract arising from a contract
> between a school for truck drivers and mechanics and an adver-
> tising agency, there was evidence to support the award of
> $6,500 in damages in evidence that the contract valued plain-
> tiff's services at $3,400 a month and that defendant used plain-
> tiff's advertising plan for four months while purporting to
> reject his services. Plaintiff's request that the trial court be
> directed to enter judgment for $15,300 or retry the damages
> issue was rejected because plaintiff did not appeal from the
> judgment.

APPEAL by defendant from *Lowe, Judge*. Judgment entered
27 July 1988 in District Court, GUILFORD County. Heard in the
Court of Appeals 16 May 1989.

*Stephen E. Lawing for plaintiff appellee.*

*Stern, Graham & Klepfer, by Robert L. Johnston, for defend-
ant appellant.*

PHILLIPS, Judge.

On 14 October 1985 plaintiff, a Greensboro advertising agency,
and defendant, a school for truck drivers and mechanics, entered
into a written contract providing that: Plaintiff would be respon-
sible for conceiving, designing and placing all of defendant's adver-
tising with the media; defendant would pay him $1,700 for the
month of October, 1985 and $3,400 each following month the con-
tract remained in effect; it could be terminated by either party
giving the other thirty days' written notice. Plaintiff had already
conceived and designed an advertising plan for defendant's business
and immediately placed various advertisements with the media
in the Greensboro area; but before the month ended defendant
orally informed plaintiff that it was dealing directly with the media
and his services were no longer required. Defendant did not give

IN RE FORECLOSURE OF FIRST RESORT PROPERTIES

[94 N.C. App. 219 (1989)]

the written notice required by the contract nor did it pay plaintiff anything for his services, though it continued to use plaintiff's ads through 15 February 1986. Plaintiff sued for breach of contract and following a trial by Judge Lowe without a jury, judgment was entered for plaintiff in the amount of $6,500.

Defendant appellant concedes that it breached the parties' contract and contends only that the evidence does not support the court's finding on the damages issue. The contention has no merit. As plaintiff points out: That the unterminated contract valued plaintiff's services at $3,400 a month is *some* evidence that his advertising plan was worth that amount, and that defendant used it for four months, while purporting to reject plaintiff's services, would support a verdict of up to $15,300. But plaintiff's request that we direct the trial court to either enter judgment for that amount or to retry the damages issue is denied. For plaintiff did not appeal from the judgment; and as our Courts have noted in innumerable decisions errors not timely asserted and pursued in the manner required by our appellate rules cannot be considered. Plaintiff did *notice* an appeal but he did not perfect it by recording an exception and filing an assignment of error that challenged the correctness of the judgment, as Rule 10, N.C. Rules of Appellate Procedure requires. No question as to the verdict's inadequacy having been presented to us, we do not rule on it.

Affirmed.

Judges BECTON and LEWIS concur.